IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| NINA JONES | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | 4:24-cv-00148-JJV |
| MARTIN O'MALLEY, Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Nina Jones, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge ("ALJ") concluded Plaintiff had not been under disability within the meaning of the Social Security Act because Plaintiff could perform her past relevant work despite her impairments. (Tr. 13-22). Both parties have submitted appeal briefs and the case is ready for a decision.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009*)*; *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3

F.3d 1210, 1213 (8th Cir. 1993).  The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence; therefore, Plaintiff's Complaint should be DISMISSED.

Plaintiff was fifty-seven years old at the time of the administrative hearing.  (Tr. 33.) She testified she has a master's degree in business.  (*Id.*)   The ALJ determined she has past relevant work as a rate analysis and data entry clerk.  (Tr. 21.)

The ALJ[1] found Ms. Jones met the insured status requirements through June 30, 2027.  (Tr. 15.)  She had not engaged in substantial gainful activity since May 30, 2021, the alleged onset date. (*Id*.)  The ALJ next determined Plaintiff has "severe" impairments in the form of degenerative disc disease and obesity.  (*Id*.)  The ALJ further found she did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 16.)  The ALJ determined Ms. Jones had the residual functional capacity (RFC) to perform sedentary work, "except she can only occasionally stoop, kneel, crouch, and crawl; occasionally overhead with bilateral upper extremity; and frequently, but not constantly, reach and handle in any direction."  (*Id*.)

Based on his RFC assessment, the ALJ utilized the services of a vocational expert (VE) to determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 47-50.)  Based

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).  420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

in part on the VE's testimony, the ALJ concluded Plaintiff could perform her past work as a rate analyst. (Tr. 21.) Consequently, the ALJ determined Ms. Jones was not disabled. (Tr. 22.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

In support of her Complaint, Plaintiff argues, "The VE and ALJ erred by misidentifying Plaintiff's past work she described by title as a 'rate analyst'." (Doc. No. 9 at 3.) Specifically, Ms. Jones takes aim at identifying her past relevant work with Dictionary of Occupational Titles (DOT) Code 160.267-014. The job for that code is "Director, Utility Accounts" and, as Plaintiff puts it, "The DOT description for the director position reveals highly important responsibilities or functions, none of which were described by Plaintiff when providing information to the Commissioner regarding this past job. The activities set forth by the DOT regarding the director position is in stark contrast to the activities described by Plaintiff in her work with the state of Arkansas as a financial rate analyst." (*Id.* at 4.) Plaintiff believes this is in error and, this error is critically important given the presumptive finding of disability should the ALJ be required to use the Medical-Vocational Guidelines. (*Id.* at 3.)

I have carefully considered Plaintiff's argument and agree that her past was not necessarily as described by DOT Code 160.267-014. But after careful consideration, I find no reversible error here.

The ALJ asked the VE, "do you need any more information, in order to classify Ms. Jones' past work?" (Tr. 47.) The VE responded, "I don't believe so, Your Honor. I show rate analysis - - rate analyst several times, and some data entry. So, if that's correct, I 'm ready to classify." (*Id.*) She testified, "Work is reported in several occasions, as a rate analyst. This is skilled, with

3

an SVP of 8, at sedentary, under DOT code 160.267-014." (*Id.*)  This generally corresponds with the submitted information about Plaintiff's past work. (Tr. 248, 258.)

Additionally, I note the DOT language for this job of Director, Utility Accounts also says, "May. . . be designated Rate Analyst." More importantly, as the Commissioner argues, "The DOT indicates that this job is sedentary and involves no climbing, balancing, stooping, kneeling, crouching, or crawling; frequent reaching and handling; and occasional fingering. [ ] Based on a hypothetical question that accurately reflected the ALJ's RFC finding, the VE testified that Plaintiff would be able to perform this job (Tr. 48)." (Doc. No. 11 at 6.)  And lastly, as the Commissioner points out, there was no objection or clarification by Plaintiff at the administrative hearing.  Therefore, I simply find no *reversible* error here.  Plaintiff's past work does not fit squarely into the DOT, but I find the job identified by the vocational expert, that may be designated as a rate analyst, and is performed at the sedentary exertional level, was substantial evidence upon which the ALJ could rely.

Plaintiff also argues that the ALJ's RFC assessment is flawed. (Doc. No. 9 at 13-20.) Plaintiff says, *inter alia*, "the ALJ ignored MRI evidence involving Plaintiff's cervical region. The ALJ's disregard for this evidence is important. As acknowledged by the ALJ, Plaintiff has maintained that she has been unable to work due to her inability to sit or stand for extended periods of time due to severe neck and back pain. (Tr. at 17, 265-266, 283.) Thus, any probative evidence that supported Jones' neck complaints should have been properly considered by the ALJ." (*Id* at 13.)

Giving Plaintiff's argument full consideration, I find the objective medical records simply fail to support a claim of *complete disability*.  Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

4

continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

While Plaintiff's diagnostic imaging shows some anomalies, imaging reveals nothing disabling.  (Tr. 332, 341-42, 371-72, 440-45, 641-42.)  And the examinations by her treating doctors also provide substantial evidence to support the ALJ's conclusions.  (Tr. 341-42, 366-67, 369-70, 381-82, 431-32, 434-35.)

Plaintiff has advanced other arguments that I have considered and find to be without merit. The Commissioner's decision is supported by substantial evidence.  Counsel for both sides have done excellent work on behalf of their respective clients.  I am sympathetic to Ms. Jones' claims. I am certain she experiences some degree of pain and limitation from her back impairment.  But the overall evidence provides substantial support for the ALJ's determination that she could perform a reduced range of sedentary work.

Furthermore, it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 29th day of July 2024.

_____
JOE J. VOLPE